UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER SCOTT CURLEY,<br><br>      Petitioner,<br><br>      v.<br><br>JAMES GRACE, et al,<br><br>      Respondents. | CIVIL ACTION<br><br>No. 07-4044 |

**MEMORANDUM/ORDER**

On March 11, 2008, United States Chief Magistrate Judge Thomas J. Rueter filed a Report and Recommendation ("R&R") (Doc. No. 9) recommending denial of petitioner Christopher Scott Curley's counseled Petition for Writ of Habeas Corpus, which was filed pursuant to 28 U.S.C. § 2254. On March 28, 2008, petitioner filed objections to the R&R (Doc. No. 10). Upon consideration of the record, the R&R, and petitioner's objections, this court will approve and adopt the R&R and deny and dismiss the petition.

The relevant facts are set out in detail in the R&R. On April 19, 2004, a jury sitting in the Court of Common Pleas of Montgomery County convicted petitioner of rape and other related crimes against A.L., his six-year-old stepdaughter. *Commonwealth v. Curley*, Nos. 3334-03, 4763-03, slip op. at 1 (Ct. Comm. Pl. Montgomery County Nov. 30, 2005). The jury also convicted petitioner of several crimes committed against C.R., the twelve-year-old daughter of petitioner's family friend. Specifically, the jury found petitioner guilty of (1) criminal attempt to commit involuntary deviate sexual intercourse

1

("IDSI"), (2) criminal attempt to commit indecent assault, and (3) criminal solicitation with the intention of promoting or facilitating IDSI and indecent assault. *Id.*

Petitioner raises five objections to Chief Magistrate Judge Rueter's R&R. First, he argues that the evidence at his trial was insufficient to convict him of the attempt crimes against C.R. Pet.'s's Objections at 1-2. Petitioner next asserts that his trial counsel was constitutionally ineffective because counsel (1) failed to request a "specific unanimity instruction" telling the jury that it must unanimously agree on the specific criminal act or acts that constitute the offenses for which Curley was charged, (2) failed to object to comments by the prosecutor during closing arguments that vouched for the credibility of the victims, and (3) failed to object to the testimonies of Wendy Demchick-Alloy, the prosecutor at the preliminary hearing in this case, and Elizabeth Siegfried, a witness from the Montgomery Office of Children and Youth, both of whom petitioner believes further bolstered the credibility of the minor complainants. *Id.* at 2-3. Finally, petitioner argues that this court should issue a Certificate of Appealability ("COA") because jurists of reason could debate whether or not the petition could be resolved in a different manner and because the issues presented in the petition "deserve encouragement to proceed further." *Id.* at 3.

As a threshold matter, this court agrees with petitioner and with Chief Magistrate Judge Rueter that petitioner's sufficiency-of-the-evidence claim was properly exhausted in the state courts, as required by 28 U.S.C. § 2254(b)(1)(A) (2006). In order to comply with this statutory exhaustion requirement, a habeas petitioner "must fairly present his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotations omitted).

2

"A petitioner has fairly presented his claim if he presented the same factual and legal basis for the claim to the state courts." *Nara v. Frank*, 488 F.3d 187, 198 (3d Cir. 2007). Thus, where the petitioner presents a claim to the state courts in some form, and the "method of analy[zing that claim] is the same under both Pennsylvania and federal law," the exhaustion requirement is satisfied. *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1232 (3d Cir. 1992).

In *Evans*, as in this case, the petitioner argued that the evidence was constitutionally insufficient to sustain a conviction but failed to express that claim in terms of federal law until filing a petition with the Pennsylvania Supreme Court. *See id.* at 1231; Pet.'s Objections at 3 n.1. The *Evans* court held that the claim was nonetheless properly exhausted, because the state and federal standards governing claims that the evidence was insufficient to sustain a conviction are identical. *See Evans*, 959 F.2d at 1232 & n.6 (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)); *Commonwealth v. Lyons*, 833 A.2d 245, 258 (Pa. Super. Ct. 2003). Those standards remain identical, and *Evans* therefore directs the conclusion that petitioner exhausted the insufficiency claim in the state courts.

As petitioner notes, *Jackson v. Virginia*, 443 U.S. 307 (1979), provides the federal constitutional standard for evaluating due process challenges to the sufficiency of the evidence at trial. Under *Jackson*, a petitioner "is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Id.* at 324. This "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 324 n.16.

Petitioner challenges his convictions for criminal attempt to commit IDSI and indecent assault against C.R.  Under Pennsylvania law, petitioner is guilty of criminal attempt to commit IDSI if he took "any . . . substantial step," 18 Pa. Cons. Stat. § 901, toward – among other things – engaging in deviate sexual intercourse, including oral sexual intercourse, with a child under the age of thirteen, *see id.* §§ 3101, 3123.  Similarly, petitioner is guilty of an attempt to commit indecent assault if he took a substantial step toward "indecent contact" with C.R.  *Id.* § 3126.  Indecent contact encompasses "any touching of the sexual or other intimate part of the [complainant] for the purpose of arousing or gratifying sexual desire, in either person."  *Id.* § 3101.

The facts recounted in Chief Magistrate Judge Rueter's R&R amply support petitioner's conviction.  Petitioner held C.R. on his knee with his arm around her while A.L. performed oral sex and masturbation on him in petitioner's basement.  He then "invit[ed C.R.] to do the same."  R&R at 7 (internal quotation omitted).  Under the circumstances, both petitioner's physical hold on C.R. and his verbal invitation to her constituted substantial steps towards IDSI and indecent assault.  Additionally, petitioner's argument that he cannot be held guilty of criminal attempt because he did not use force against C.R., who escaped to an upstairs bathroom, is not supported by Pennsylvania law.  *See, e.g.*, *Commonwealth v. Andrulewicz*, 911 A.2d 162, 167 (Pa. Super. 2006) (upholding a conviction for attempt to commit IDSI where the defendant "removed his penis from his pants, approached [the minor victim], put his penis near her face, and asked her to lick him").  Petitioner's first claim is accordingly dismissed.

Petitioner's ineffective assistance of counsel claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, petitioner must show that (1) his

attorney's representation "fell below an objective standard of reasonableness" and (2) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. In assessing petitioner's claims, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

As Chief Magistrate Judge Rueter noted, a trial judge "has broad discretion in framing the form and language of the charge to the jury." *United States v. Traintz*, 871 F.2d 368, 383 (3d Cir. 1989) (internal quotation omitted). Thus, trial counsel's failure to request a specific unanimity instruction was not constitutionally ineffective if the instructions given to the jury were merely "'undesirable, erroneous, or even universally condemned.'" *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977) (quoting *Cupp v. Naughten*, 414 U.S. 141, 146 (1973)). Rather, petitioner's claim may only succeed if counsel's failure to request the unanimity language resulted in an "'instruction [that] by itself so infected the entire trial that the resulting conviction violates due process.'" *Henderson*, 431 U.S. at 154 (quoting *Cupp*, 414 U.S. at 147).

Petitioner correctly notes that the trial judge is required to give a specific unanimity instruction to the jury in some circumstances. *United States v. Beros*, 833 F.2d 455, 460 (3d Cir. 1987). However, "[t]he *Beros* rule comes into play only when the circumstances are such that the jury is likely to be confused as to whether it is required to be unanimous on an essential element." *United States v. Cusumano*, 943 F.2d 305, 312 (1991). By contrast, "[i]n the routine case, a general unanimity instruction will ensure that the jury is unanimous on the factual basis for the conviction, even where an indictment alleges numerous factual bases for criminal liability." *Beros*, 833 F.2d at 460.

This case falls on the routine side of the line. Crucially, unlike in *Beros*, the prosecution did not "allege different sets of facts" to support the charges of criminal attempt on and criminal solicitation of C.R. *Cusumano*, 943 F.2d at 312. The charges were instead based solely on the incident described above in which petitioner held C.R. on his knee and invited her to perform oral sex on him. As such, the jury verdict slip and instructions – each of which discussed criminal attempt and solicitation in the context of IDSI "and/or" criminal assault, *see* R&R at 14; Pet.'s Objections at 10 – were not likely to confuse the jury, especially as the Pennsylvania statutes at issue are not particularly complex. Nor does the jury's behavior demonstrate any confusion. It convicted petitioner of criminal attempt and solicitation of *both* crimes – a result entirely consistent with the fact that indecent assault is a lesser included offense of IDSI. *See Commonwealth v. Hawkins*, 614 A.2d 1198, 1199-1200 (Pa. Super. Ct. 1992). For these reasons, and because the trial court properly issued a general unanimity instruction and explained the verdict form to the jury, *see* R&R at 14-15, no specific unanimity instruction was required in this case. As such, the failure of petitioner's trial counsel to request such an instruction cannot amount to constitutionally ineffective assistance, *United States v. Williams*, 166 F. Supp. 2d 286, 296 (E.D. Pa. 2001), and petitioner's second claim will be dismissed.

Petitioner's second ineffective assistance claim concerns comments made by the prosecutor during closing arguments. Once again, petitioner must surmount a high bar in order to obtain relief: A prosecutor engages in improper vouching if "'(1) the prosecutor . . . assure[s] the jury that the testimony of a Government witness is credible; and (2) this assurance [is] based on either the prosecutor's personal knowledge, or other information

6

not contained in the record.'" *United States v. Harris*, 471 F.3d 507, 512 (3d Cir. 2006) (quoting *United States v. Walker*, 155 F.3d 180, 187 (3d Cir. 1988)). On the other hand, if a prosecutor "argues that a witness is being truthful based on the testimony given at trial, and does not assure the jury that the credibility of the witness based on his own personal knowledge, the prosecutor is engaging in proper argument and is not vouching." *Walker*, 155 F.3d at 187. Moreover, "a criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context; only by so doing can it be determined whether the prosecutor's conduct affected the fairness of the trial." *United States v. Young*, 470 U.S. 1, 11 (1985). The test is whether, when viewed in context, "prosecutorial misconduct [is] 'of sufficient significance to result in the denial of the defendant's right to a fair trial.'" *Greer v. Miller*, 483 U.S. 756, 765 (1987) (quoting *United States v. Bagley*, 473 U.S. 667, 676 (1985)). Only then does the misconduct rise to the level of "a due process violation." *Greer*, 483 U.S. at 765.

As petitioner concedes, trial counsel successfully objected to the prosecutor's initial averment that C.R.'s statement to her school counselor was "credible." Pet.'s Objections at 18. That objection triggered a cautionary instruction from the trial judge, who instructed the jury that "the lawyers are not permitted to express a personal opinion." R&R at 18. Given counsel's successful objection, petitioner cannot claim that counsel's initial response was constitutionally insufficient.

Several of the other questionable comments relied on by petitioner do not amount to prosecutorial vouching under *Walker* and *Harris*. For example, because C.R.'s prior consistent statements were admitted into evidence under 42 Pa. Cons. Stat. § 5985.1, *see*

*Commonwealth v. Curley*, 910 A.2d 692, 697-99 (Pa. Super. Ct. 2006), the prosecutor's repeated references to the consistency of C.R.'s story and testimony were squarely grounded in the record and therefore did not constitute improper vouching. Many of the prosecutor's direct references to C.R. as "credible" or "compelling" were also paired with the word "consistent," and in the absence of any suggestion from petitioner that these comments contained an "explicit or implicit reference to either the personal knowledge of the prosecuting attorney or information not contained in the record," *Walker*, 155 F.3d at 187, the court believes that these comments, while treading a very fine line, also referenced the record and therefore did not amount to impermissible vouching.

    The remaining statements by the prosecutor consist of (1) references to Wendy Demchick-Alloy's background, (2) two or three references to C.R.'s truthfulness, and (3) two references to the purported untruthfulness of petitioner and his wife. As petitioner has again made no suggestion that the prosecutor's brief reference to Ms. Demchick-Alloy's qualifications was based on evidence outside the record, the court does not find that reference to be improper. Even assuming that the remaining statements vouched for C.R. and impermissibly denigrated the credibility of petitioner and his wife, defendant was not thereby deprived of his right to a fair trial. As mentioned above, the trial judge issued a cautionary instruction to the jury following the prosecutor's first reference to C.R. as credible, and this court must presume that the jurors "follow[ed that] instruction." *United States v. Hakim*, 344 F.3d 324, 330 (3d Cir. 2003). Moreover, while C.R.'s credibility was undoubtedly an important issue at trial, petitioner concedes that her testimony was independently corroborated by A.L. *See* Pet.'s Objections at 20 n.9. In

8

these circumstances, counsel's failure to object was neither objectively unreasonable nor likely to change the outcome of the proceeding.

Petitioner's final argument in support of substantive relief is that trial counsel should have objected to the testimony of both Elizabeth Siegfried of the Montgomery County Office of Children and Youth and Ms. Demchick-Alloy, the prosecutor at petitioner's preliminary hearing. The court initially notes that neither witness directly engaged in prosecutorial vouching. Petitioner admits that Ms. Demchick-Alloy "did not expressly claim that the statement of A.L. was credible," Pet.'s Objections at 21, and he makes no suggestion that Ms. Demchick-Alloy expressly did so for C.R. Ms. Siegfried, meanwhile, is not a prosecutor. As such, her testimony cannot be considered prosecutorial misconduct – the ground in the petition on which petitioner rests this argument. Further, while Ms. Siegfried stated that C.R. made for a compelling preliminary hearing witness, the trial judge once again provided a cautionary instruction to the jury – and in this instance did so quickly enough that, in the judge's own estimation, counsel had no opportunity to respond. *See* R&R at 24. Counsel's failure to do so was therefore in no way unreasonable.

As for the other testimony objected to by petitioner, the court finds that both (1) the remaining statements by Ms. Siegfried and (2) the testimony of Ms. Demchick-Alloy were, as petitioner's trial counsel apparently believed, *see* R&R at 23, properly admitted as background facts relevant to the case. To the extent that any of the testimony was inappropriate, however, it was neither individually nor collectively so significant as to "deprive[] the defendant of fundamental fairness in his criminal trial." *Bisaccia v. Attorney General*, 623 F.2d 307, 312 (3d Cir.), *cert. denied*, 449 U.S. 1042 (1980). The

court will therefore dismiss petitioner's final claim to relief.

Finally, petitioner argues that a COA should issue in this case. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253 (2006). Rather, Section 2253(c) only permits the issuance of a COA where a petitioner has made a "substantial showing of the denial of a constitutional right." In other words, "a petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). This court fully agrees with Chief Magistrate Judge Rueter that petitioner has not met either prong of this test. Petitioner's request for a COA will accordingly not be granted.

## ORDER

**AND NOW**, this 9th day of September, 2009, upon consideration of petitioner's Brief and Petition for Writ of Habeas Corpus (Doc. No. 1), Commonwealth's Answer and Memorandum of Law in Response to Petition for Writ of Habeas Corpus (Doc. No. 6), the Report and Recommendation of Chief Magistrate Judge Rueter (Doc. No. 9), Petitioner's Objections to the Report and Recommendation (Doc. No.10), and the record herein, and for the reasons provided in the accompanying memorandum, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED** as supplemented by the accompanying Memorandum;

2. Petitioner's Objections to the Report and Recommendation are

**OVERRULED**.

    3.  The petition for a writ of habeas corpus is **DENIED** and **DISMISSED**.

    4.  A Certificate of Appealability is **NOT GRANTED**.

                                        /s/ Louis H. Pollak
                                          Pollak, J.